IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| KEYONIA DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:26cv33-MHT |
| | ) | (WO) |
| | ) | |
| HYUNDAI TRANSYS GEORGIA | ) | |
| SEATING SYSTEM, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Keyonia Davidson brings this employment-discrimination lawsuit against her former employer, defendant Hyundai Transys Georgia Seating System, LLC. Davidson asserts claims of sex and race discrimination, unequal pay, and retaliation. She rests her claims on three statutes: Title VII (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a and 2000e through 2000e-17); the Equal Pay Act (Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d)(1)), and § 1981 (originally part of the Civil Rights Act of 1866,

as amended, 42 U.S.C. § 1981).  Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 29 U.S.C. § 216(b) (Equal Pay Act), and 42 U.S.C. § 2000e-5(f)(3) (Title VII).

This litigation is before the court on Hyundai Transys's motion to dismiss Davidson's Title VII claims on the basis of untimeliness and to dismiss her entire complaint as a shotgun pleading.  For the reasons that follow, the motion will be granted in part and denied in part.

## I.   BACKGROUND

Davidson makes broad allegations against Hyundai Transys in her complaint.  The allegations are recounted below.

Around March 2023, Davidson, an African-American woman, began working at Hyundai Transys as an assistant manager of employee relations.  Davidson alleges that, while working at the company, she was subjected to "multiple discriminatory actions," which she reported to

Human Resources. Compl. (Doc. 1-1) ¶ 5. After these reports, she received poor-performance evaluations that resulted in lower bonuses and ultimately her termination from the company.

On February 27, 2024, Davidson was "aggressively approached by [a] similarly situated white male, Daniel Smith, who approached her in a threatening manner and berated her in front of employees." *Id.* ¶ 7. In response, Davidson told Smith to "back up and stop talking to her in that manner." *Id.* This incident was reported to Human Resources and both Davidson and Smith were suspended pending an investigation. Davidson was not allowed to return to the company premises while on suspension, yet Smith returned to work after one day of suspension. Davidson was also never contacted for a statement during the investigation.[1]

Around March 1, three days into the suspension, Hyundai Transys informed Davidson that she was being terminated for "insubordination." *Id.* ¶ 10. Davidson denies ever being insubordinate. Her coworker Smith was

_____

1. The complaint does not state whether Smith was ever contacted for a statement during the investigation.

not terminated; he was still employed at the company at the time of the filing of this suit.

Davidson filed charges with the Equal Employment Opportunity Commission (EEOC).  The EEOC eventually dismissed her charges and issued her a notice of her right to file suit against Hyundai Transys.  She later filed this lawsuit.

## II.  MOTION TO DISMISS

Relying on Federal Rule of Civil Procedure 12(b)(6), Hyundai Transys has moved to dismiss Davidson's Title VII claims on the basis of untimeliness and to dismiss her entire complaint as a shotgun pleading.  The court will discuss each basis separately.

## A.  Title VII Claims

Hyundai Transys seeks dismissal of Davidson's Title VII claims under Rule 12(b)(6).  The company contends that she filed  her complaint in an untimely manner after receiving notice from the EEOC of her right to sue the company.

4

1.

The first issue for the court is whether this timeliness question falls within the ambit of Rule 12(b)(6). Subpart (b)(6) of Rule 12 provides that a party may assert by motion the defense of "failure to state a claim upon which relief can be granted." Fed. R. Civ P. 12(b)(6). Subpart (b)(6) does not expressly mention the issue of timeliness in the filing of a lawsuit, let alone timeliness in the filing of a lawsuit after receiving a right-to-sue notice from the EEOC. Nor does the broader subpart (b) of Rule 12 mention timeliness.

This court has not uncovered an Eleventh Circuit opinion directly addressing whether a party may challenge, under Rule 12(b)(6), the timeliness of the filing of a lawsuit after receiving an EEOC right-to-sue notice.[2] Even so, there is helpful Eleventh Circuit law on related issues.

---

2. While the Eleventh Circuit has not yet expressly addressed this issue, other Circuit Courts of Appeals

5

In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the circuit held that a district court could resolve, on a motion to dismiss, a factual dispute over whether a prison inmate had exhausted administrative remedies as required by the Prison Litigation Reform Act, also known as the PLRA. In explaining its holding, the court made two relevant findings. First, that "courts may decide motions to dismiss that are closely related to the management of the lawsuit and might generally be characterized as involving matters of judicial administration." *Id.* at 1375 (quotations and citations

---

have. *See, e.g.*, *Smith-Haynie v. D.C.*, 155 F.3d 575, 577 (D.C. Cir. 1998) (finding that untimeliness in the filing of a Title VII suit is an affirmative statute-of-limitations defense properly brought in a Rule 12(b)(6) motion to dismiss); *Garcia-Gesualdo v. Honeywell Aerospace of Puerto Rico, Inc.*, 135 F.4th 10, 16 (1st Cir. 2025) (same); *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999) (finding that untimeliness in the filing of a Title VII suit is a defense akin to a statute of limitations defense and properly raised in a Rule 12(b)(6) motion to dismiss); *Bowers v. Potter*, 113 F. App'x 610, 612 (5th Cir. 2004) (same); *Barrett v. Rumsfeld*, 158 F. App'x 89, 91 (10th Cir. 2005) (same).

omitted). Second, the court also found that, when deciding a motion to dismiss for failure to exhaust administrative remedies, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376 (footnotes omitted).

Later, in an unpublished, but still instructive, opinion, *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424-25 (11th Cir. 2010), an appellate panel expressly noted that, although *Bryant* discussed failure to exhaust administrative remedies as required by the PLRA, it "relied upon [the] general principle[] that ... a matter in abatement, even if non-jurisdictional, such as exhaustion of administrative remedies is appropriately raised in a Rule 12(b) motion to dismiss." *Id.* at 424. The panel also reiterated that in such cases courts can resolve factual disputes so long as the court "does not adjudicate the merits of the claim and the

7

plaintiff has had an opportunity to develop the record."
*Id.* at 425.

Admittedly, both *Bryant* and *Tillery* involved alleged
failures to exhaust administrative remedies, whereas here
this court is confronted with an allegedly untimely
filing.  It could be argued that an allegedly untimely
filing of a Title VII lawsuit, after administrative
exhaustion, is akin to a statute-of-limitations issue and
should be reviewed as such.  *See, e.g.*, *Pardazi v. Cullman
Med. Ctr.*, 896 F.2d 1313, 1315 (11th Cir. 1990) ("[A]
Title VII plaintiff complies with the ninety-day
*statute of limitations* simply by filing the complaint."
(emphasis added)); *Howell v. Dep't of the Army*, 975 F.
Supp. 1293 (M.D. Ala.) (Thompson, C. J.) (noting that
some "courts regard [Title VII] regulatory deadlines
applying to federal employee lawsuits against the
government as akin to statutes of limitations"), *aff'd*,
130 F.3d 445 (11th Cir. 1997).

Statute-of-limitations issues are properly raised in
Rule 12(b)(6) motions.  *See Mann v. Adams Realty Co.,*

8

*Inc.*, 556 F.2d 288, 293 (5th Cir. 1977) [3] ("A Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense."); *My24HourNews.com, Inc. v. AT&T Corp.*, 791 F. App'x 788, 802 (11th Cir. 2019) (same).

And, although Rule 12(b)(6) motions generally are limited to the four corners of the complaint, an exception allows for review of exhibits attached or referred to in the pleadings if they are (1) central to the plaintiff's claim and (2) their authenticity is not challenged. *See Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). This incorporation-by-reference exception also applies to documents attached to a motion to dismiss or response, so long as the centrality and unchallenged authenticity conditions are met. *See id.*

_____

3. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding on the Eleventh Circuit all decisions of the former Fifth Circuit that were handed down before the close of business on September 30, 1981).

In resolving Hyundai Transys's motion to dismiss, this court need not determine whether the timely filing issue should be assessed under the *Bryant* standard (like failure-to-exhaust defenses) or under the traditional 12(b)(6) standard (like statute-of-limitations defenses). In the end, the critical and practical difference between the two is whether the court can go outside the four corners of the complaint. In this case, that distinction makes no difference. If the court were to treat the timeliness issue as more akin to a failure-to-exhaust defense, the court could then consider facts outside the pleadings and resolve factual disputes so long as the factual disputes do not decide the merits and the parties have had a sufficient opportunity to develop a record. As demonstated below, those requirements are satisfied here. If the court were to treat the timeliness issue as more akin to a statute-of-limitations defense, the court could properly consider extrinisic exhibits under the incorporation-by-reference doctrine if the documents are

10

central to the plaintiff's claims and undisputed. As demonstrated below, those requirements are satisfied here as well.

## 2.

Title VII of the Civil Rights Act protects workers from being discriminated against or subjected to harassment for their race, color, or sex and from retaliation for complaining of such discrimination. Before filing suit in district court, a plaintiff raising a claim under Title VII must first file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). If the EEOC dismisses the charge and notifies the plaintiff of her right to sue, the plaintiff has 90 days from receipt of this notice to file suit on her claim in district court. *See* 42 U.S.C. § 2000e-5(f)(1).

When the EEOC mails a right-to-sue notice, the receipt-of-notice date that starts the 90-day filing window is usually the date of the plaintiff's "actual

receipt of the mailed notice letter from the EEOC." *Robbins v. Vonage Bus., Inc.*, 819 F. App'x 863, 867 (11th Cir. 2020) (citing *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005)). In the case of a mailed notice, absent evidence that it was delayed through no fault of the plaintiff, the court should presume the mailing was received three days after its issuance. *See id.* at 953 n.9.

However, the EEOC has recently begun transitioning to emailing notice letters. When the EEOC emails a right-to-sue notice, the receipt-of-notice date that starts the 90-day filing window is the date of delivery of the emailed notice. *See Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021); *McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1071 (8th Cir. 2024).[4]

_____

4. Although the Eleventh Circuit has not yet addressed this issue, district courts in this circuit have also held that, in the case of an emailed right-to-sue notice, the 90-day filing window begins on the day the emailed notice is delivered. *See, e.g.*, *Goodwin v. Strickland Paper Co., Inc.*, No. 2:22-CV-01486-AMM, 2025 WL 756022, at *7 (N.D. Ala. Mar. 10, 2025) (Manasco, J.), *appeal dismissed*, No. 25-11127-AA, 2025 WL 2823594 (11th Cir. July 16, 2025);

If a defendant contests the timeliness of the complaint, the plaintiff bears the burden of showing that she filed the complaint within 90 days of receipt of the notice. *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005).

Here, Hyundai Transys contests the timeliness of Davidson's complaint. The company argues that the controlling notice date is August 22, 2025, the day the EEOC called Davidson to tell her that the right-to-sue notice would be issued, issued it, and then emailed to her a link to access the notice. Davidson filed her complaint on December 6, 106 days after August 22.

Hyundai Transys attached a copy of the EEOC activity log and the email sent to Davidson in support of its motion to dismiss. In her response, Davidson attached a copy of a post-marked envelope from the EEOC that is stamped with the date September 5, 2025. She argues

---

*Penson-Johnson v. U.F. Health Shands Hosp.*, No. 1:24-CV-176-AW-MAF, 2025 WL 1517807 (N.D. Fla. May 28, 2025) (Winsor, J.); *see also Paniconi v. Abington Hosp.-Jefferson Health*, 604 F. Supp. 3d 290 (E.D. Pa. 2022) (Robreno, J.).

that, applying the three-day presumption for mailed notices, her complaint was filed in a timely manner because 90 days after September 8 was December 7, and she filed her complaint on December 6.[5]

As stated above, the court's consideration of these documents is proper under either the analytical framework of *Bryant* or the incorporation-by-reference exception. *Bryant* explained that when deciding a motion to dismiss on a matter in abatement, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes *so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.*" *Bryant*, 530 F.3d at 1376 (emphasis added); *see also Tillery*, 402 F. App'x 421 (reiterating that, under *Bryant*, motions to dismiss for

_____

5. The date of a United States Postal Service postmark may support a finding that an envelope was in fact mailed on that date. *See Carr v. Veterans Admin.*, 522 F.2d 1355, 1356 n.1 (5th Cir. 1975) ("The district court was clearly justified in recognizing the postmark as probative of the date of mailing. The factual finding that the date of mailing was February 5 is not clearly erroneous.") (citation omitted).

14

threshold procedural defenses are properly raised in a 12(b) motion to dismiss). Timeliness is a threshold procedural defense. Whether Davidson's complaint is timely does not reach the merits of her claims. She also had sufficient opportunity to develop the record on the timeliness issue, for, in her response to the motion to dismiss, she appended her own documentary evidence. Therefore, applying the analysis of *Bryant* and *Tillery*, it would be proper at this stage for the court to review the documents attached to both the motion to dismiss and Davidson's response in opposition--all of which relate to the timeliness issue.

These documents also meet the incorporation-by-reference exception, should Title VII timeliness defenses follow the standard analysis applicable to statute-of-limitations defenses. "[A] court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2)

undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).

The EEOC email, activity log, and the postmarked envelope all speak to when the 90-day filing window started. These documents are all central to Davidson's claims because her suit cannot survive if she filed her complaint after the 90-day filing window. The parties do not dispute the authenticity of any of these documents. The court will consider all three of these documents in its analysis.

The key question here is whether receipt of notice, and thus the start of the 90-day filing window, should be determined according to the rules applicable to emailing or mailing. Determination of the 90-day filing window must be done "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility ... without conditioning a claimant's right to sue ... on fortuitous circumstances

16

or events beyond [her] control." *Kerr*, 427 F.3d at 952. This case-by-case analysis should not give complainants a "manipulable open-ended time extension which could render the statutory minimum meaningless." *Id.* (citation omitted).

Here, Davidson does not dispute receiving a call informing her of the issuance of the right-to-sue letter and a detailed email with a link to download the right-to-sue letter on August 22, 2025. She does not even contend she was under the impression that she needed to wait for a physical copy of the letter to file suit. She also fails to explain why she did not heed the language in the email, which stated that: "This email, as well as the Determination and Notice of Rights, is official notice that the EEOC has dismissed the above-referenced EEOC charge and that the Charging Party has the right to sue the respondent(s) on this charge in court within 90 days of receipt of this notice. ... You should also keep a record of the date you received this notice and save the downloaded Determination and Notice

17

of Rights." EEOC Email (Doc. 4-2) at 1. Based on the plain text of the email and the call on the same date, the evidence reflects that Davidson was on notice of her right to sue "within 90 days of receipt of" the email. *Id.*

Davidson urges the court to "use the most lenient possible start date for the 90-day period," but provides no evidence or argument as to why that would be appropriate here. Pl.'s Resp. in Opp'n (Doc. 9) at 2. No explanation has been provided for why Davidson, who is represented by counsel, delayed filing her complaint until the evening of December 6--two weeks after the deadline indicated in the email. The language in the body of the email Davidson received was clear. The email also contained a link to download a copy of the actual notice letter and told Davidson that it was important to do so "as soon as possible." EEOC Email (Doc. 4-2) at 1. Without any evidence to the contrary, the court may only conclude that Davidson's delay was unjustifiably untimely.

18

Accordingly, fairness and reason dictate that the 90-day filing window started when Davidson received notice of her right to sue by email. Davidson's Title VII claims will be dismissed as untimely.


### B. Equal Pay Act and § 1981 Claims

In its motion to dismiss, Hyundai Transys also contends that Davidson's complaint is an "impermissible shotgun pleading." Mot. to Dismiss (Doc. 4) at 9. Because the Title VII claims will be dismissed for untimeliness, the court will focus on only the remaining Equal Pay Act and § 1981 claims.

A complaint is a shotgun pleading when it presents claims in a manner where a defendant cannot "discern what [the plaintiff] is claiming and frame a responsive pleading." *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985). At bottom, the complaint must "give the defendants adequate notice of the claims against them and the grounds upon which each

claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Hyundai Transys asserts that Davidson has "fail[ed] to specify the factual allegations that form the basis of each of her claims and the legal theory upon which each claim rests." Mot. to Dismiss (Doc. 4) at 9. The company seeks dismissal under Rule 12(b)(6), albeit while also citing violations of Federal Rules of Civil Procedure 8(a)(2) and 10(b) with regard to the shotgun-pleading issue.

### 1.

An initial consideration for the court is whether the shotgun-pleading issue can be resolved on the 12(b)(6) motion. It appears that there is authority for such resolution under subpart (b)(6) as well as the broader subpart (b) of Rule 12:

> "When faced with a complaint that bears the hallmarks of a shotgun pleading, defense counsel typically has two options. First, they can move the court for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Or second, they can move to dismiss the complaint

> for failure to state a claim under Rule 12(b)(6). ... Under Rule 12(e), the district court will grant defense counsel's motion for a more definite statement and order plaintiff's counsel to redraft the pleading such that it complies with Rules 8(a)(2) and 10(b). ... And for a Rule 12(b)(6) motion, the district court will dismiss the complaint without prejudice on the grounds that the pleading does not comply with Rules 8(a)(2) and 10(b)."

*Barmapov v. Amuial*, 986 F.3d 1321, 1329–30 (11th Cir. 2021) (Tjoflat, J., concurring). Consistant with this authority, the Eleventh Circuit has expressly stated that shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. The circuit has also acknowledged that a district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun-pleading grounds. *Id.*

21

Because Hyundai Transys relies on Rule 8(a)(2) and because the court has the authority to resolve a shotgun-pleading challenge under that rule, the court will rely on that rule in determining whether Davidson's complaint is an impermissible shotgun pleading.

2.

The court will now turn to Hyundai Transys's shotgun-pleading assertions. The Eleventh Circuit has identified at least four categories of shotgun pleadings: first, "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *Weiland*, 792 F.3d at 1321; second, "a complaint ... replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1322; third, a complaint that fails to separate "each cause of action or claim for relief" into a different count, *id.* at 1323;

22

and, fourth, a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.*

Hyundai Transys asserts that Davidson's complaint falls into the first and second categories. With one exception, the court finds that the complaint withstands scrutiny under these two categories.

As to the second category, Hyundai Transys asserts that Davidson's complaint is so replete with "vague and conclusory allegations" that it fails to provide adequate notice of her claims and the legal theories upon which they rest. Mot. to Dismiss (Doc. 4) at 9. The court disagrees. While some of the factual allegations in Davidson's complaint are vague in nature, the complaint as a whole is not so vague as to fail to provide bases for the claims asserted. Her factual allegations clearly relate to her causes of action.

23

Davidson's suit brings several counts against Hyundai Transys. In count four she contends that she was compensated less than her white male counterparts in violation of the Equal Pay Act, and in counts five and six she alleges race discrimination and retaliation in violation of § 1981.[6] According to Davidson's complaint, after a disagreement with a "similarly situated white male" coworker who "aggressively approached" her, she was fired while the coworker remained with the company. Compl. (Doc. 1-1) ¶¶ 7-11. These allegations are a logical basis for her race discrimination, unequal pay, and retaliation claims. The court and Hyundai Transys are not forced to "sift out the irrelevancies [in the factual allegations]" as Hyundai Transys contends. Reply in Supp. of Dismissal (Doc. 11) at 6 (citations and internal quotation marks omitted).

---

6. In counts one through three, Davidson alleges race discrimination, sex discrimination, and retaliation in violation of Title VII. For the reasons discussed above, these claims will be dismissed.

24

Hyundai Transys also alleges that because Davidson's complaint realleges all preceding counts in each new count, it fails to provide adequate notice of the claims against it, and their bases. *See* Reply in Supp. of Dismissal (Doc. 11) at 4-5. Davidson "admits" that she incorporates her prior allegations by reference in each successive count. Pl.'s Resp. in Opp'n (Doc. 9) at 3. However, she argues that she did not "fail[] to specify the factual allegations which form the basis of each of her claims and legal theories upon which each claim rests." *Id.* The court agrees. Davidson's factual allegations and claims are sufficiently detailed to provide notice of her claims and their bases. All of Davidson's allegations are heavily intertwined and naturally relate to one another. That each successive count incorporates both the factual allegations and preceding counts does not obscure the basis of the claims, nor does it "materially increase[] the burden of understanding the factual allegations underlying each count." *Weiland* 792 F.3d at 1324. Moroever, Davidson

25

provided additional information under each count further explaining the basis of the count. Considering this, the court cannot say that Davidson's incorporation of the prior counts in each successive claim rises to the level of failing to provide adequate notice of the claims against Hyundai Transys and the grounds that each claim rests on.

"Comprehension, not perfection, is the standard of the pleading rules." *Brown*, 760 F. Supp. 3d 1326, 1344 (M.D. Ala. 2024) (Thompson, J.). In this case, with one exception, Davidson's complaint gives sufficient notice to Hyundai Transys of the cause of action for each count brought against it, and the company can respond accordingly.

This one exception is that the court shares Hyundai Transys's concern about the vagueness of ¶¶ 5 and 6 of Davidson's complaint, where she alleges that: "During the course of her employment, Ms. Davidson was subjected to multiple discriminatory actions and such was reported to HR Manager, Jason Randsbottom," Compl. (Doc. 1-1) ¶ 5;

26

and, "Subsequent to her reports, Ms. Davidson received poor performance evaluations resulting in reduced bonus pay and eventually termination," *id*. ¶ 6.  These two paragraphs are vague and provide notice of nothing.  The court cannot decide the remaining Equal Pay Act and § 1981 claims, to the extent they rely on the unspecified "multiple discriminatory actions" and later "poor performance evaluations" alleged in these paragraphs, without more detailed information about the alleged discriminatory acts and later evaluations.

In her response to the motion to dismiss, Davidson requested that the court allow her leave to amend her complaint as an alternative to dismissal.  However, she has not filed a motion for leave to amend, and the court has therefore set no such motion down for briefing by the parties.  The request for leave to amend is therefore not properly before the court.  *See Stein v. TitleMax of Georgia, Inc.*, 819 F. App'x 809, 814 (11th Cir. 2020) (holding that a request for leave to amend a complaint is not properly raised to the court when it is solely

embedded in a brief in opposition to a motion to dismiss and not filed as a separate motion).  Nonetheless, the court will allow Davidson to file a motion to amend and a supporting brief, with a 'full complaint' that completely cures the shotgun-pleading defects attached. Otherwise her complaint will be dismissed in its entirety as defective.[7]

*****

For the reasons discussed above, it is ORDERED that:

(1) Defendant Hyundai Transys Georgia Seating System, LLC's motion to dismiss (Doc. 4) is granted to the extent that counts one, two, and three (the Title VII claims) are dismissed.

(2) The motion to dismiss (Doc. 4) is denied as to counts four, five, and six (the Equal Pay Act and § 1981 claims), albeit subject to the conditions set forth in the following paragraph.

---

7. Of course, Davidson can cure the shotgun-pleading defects by simply omitting ¶¶ 5 and 6 from the proposed amended complaint.

(3) Plaintiff Keyonia Davidson is granted leave to file, by May 22, 2026, a motion to amend, with supporting brief. A 'full complaint' that completely cures the shotgun-pleading defects must be attached to the brief. Otherwise, her complaint will be dismissed 'in its entirety' as defective. Defendant Hyundai Transys Georgia Seating System, LLC, if it objects to the motion, may file a response no later than seven business days after plaintiff Davidson files her motion.

DONE, this the 11th day of May, 2026.

　　　　　　　　　　　　/s/ Myron H. Thompson　
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

29